MARGARET C. WHEELER, Individually and as Executrix, etc., Appellant, *v.* JAMES H. RUTHVEN, Executor, etc., and others, Respondents.

*Legacy — when payable.*

Where a legacy is payable out of a particular fund which is not available for that purpose until a certain contingency happens, *e. g.*, the death of a tenant for life, such legacy will, in the absence of special circumstances or of a provision of the will prescribing a different time of payment, be payable at, and will bear interest from the happening of the contingency, and not from the death of the testator.

Appeal from a decree of the surrogate of New York in the matter of the final accounting of the respondent.

Clementina Ruthven died October 28, 1862, leaving a will dated August 20, 1862. Letters testamentary were granted to J. J. Owen, June 15, 1866. Owen died April 18, 1869, and letters testamentary were thereafter granted to James A. Ruthven, another executor, May 15, 1874.

By her will she bequeathed to Emma Ruthven Lord (now Ludlum) the sum of $5,000, and made various other bequests of specific sums, amounting in all to twenty-one specific bequests of sums of money.

The only estate which the said Clementina Ruthven had to be disposed of by will was real and personal property devised to her by her father prior to the date of her will, subject, however, to a life estate in the whole to the mother of said Clementina who survived her and died April 7, 1874. The accounts of James A. Ruthven were filed, and no objections made to the same, showing assets in his hands, of personal property, of $38,358.67, received after the death of the tenant for life, and some real estate.

The decree of the surrogate on said accounts was made May 18, 1877, by which the said accounts were settled and allowed, as filed and adjusted, and interest on the several legacies at the rate of seven per centum per annum allowed only from the 7th day of April, 1874, the date of the death of the life tenant.

The appellants object to so much of the decree as allows interest from April 7, 1874, and claim that interest should be allowed from

October 28, 1863, viz., from and after the expiration of one year after the death of the testatrix.

*J. Edgar*, for the appellant. Interest on each legacy should commence to run at the time it became due and payable, viz., at and from the expiration of one year from the death of the testatrix. (*Williamson* v. *Williamson*, 6 Paige, 300; Dayton on Surrogates, 465; Williams on Executors [5th ed.], 1284, 1285, 1286; Willard on Executors. 355, 390; 2 Roper on Legacies, 1251; *Hepburn* v. *Hepburn*, 2 Brad., 74; *Lawrence* v. *Imbree*, 3 id., 364; *Bradner* v. *Faulkner*, 12 N. Y., 472; *Campbell* v. *Cowdrey*, 31 How., 172.)

*Wm. Venwill* and *Chas. E. Souther*, for the respondents.

Brady, J.:

In this matter the decree of the surrogate is well sustained by the able opinion which accompanies it. As shown by him the rule is recognized and repeated in the cases cited, that interest upon a legacy will not be allowed, unless special circumstances or the provisions of the will require it to be done, until it is payable. The legacies given by the testatrix were subordinate to her estate, which consisted solely of a residuary interest in certain property left her by her father and in which her mother had a life interest. Up to the time of the death of the mother, therefore, no assets came to the hands of the executor out of which the legacies could be paid. The time for the payment of them until such death could not arrive, and the presumption that one year after the death of the testatrix was sufficient to enable the executor to gather in the assets and to make payment consequently falls to the ground. The assets were then appropriated to another purpose and so were the rents, issues and profits of them, and they continued to be so after the death of the testatrix, because they were subjected to the life estate of the mother who survived her daughter.

It must be presumed that the testatrix was aware that they would not be available for the payment of the legacies given, until the death of her mother, and that she intended, therefore, to defer such payment until the fund existed for that purpose. (See *Dodge* v. *Manning*, 1 Coms. Rep., 298.)

She designed, in other words, that the gift should follow the estate out of which it was to be paid, and that it should be available in no respect until such estate could be applied to its payment. This is a just view of the subject, springing from her silence as to the time when the legacies should be paid, taken in connection with the nature of the property out of which they were to be satisfied. When the fund is not available for the payment of the legacy until a contingency happens, there seems to be no reason why it should bear interest from the death of the testator before the happening of the contingency, in the absence of special circumstances requiring it to be done, or a provision in the will indicating an intention that it should be paid for a different period.

If the interest be given in this case from a time one year after the death of the testatrix, and therefore prior to the acquisition of the assets by her executor, the fund would be weighted with a burden for years before it could be applied to the objects named in the will.

For these reasons and the reasons assigned by him the decree of the surrogate should be sustained.

DAVIS, P. J., and INGALLS, J., concurred.

Decree affirmed.